IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Case No.: 1:23-cr-00049-JMC |
| ) | |
| KALEB DILLARD, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S
SENTENCING MEMORANDUM**

COMES NOW the defendant, Kaleb Dillard, by and through his attorney of record, Randy A. Dempsey, and for his Reply to the Government's Sentencing Memorandum says the following:

(1) The defendant, Kaleb Dillard, differs with the government's position on page 12 in the final paragraph of that page, wherein the government states "Dillard then approached the Capitol Building from the East and pushed to the head of the crowd outside of the Rotunda Door…" Mr. Dillard did not push at any time; rather, he walked calmly to the area outside of the Rotunda Door. At no time did Mr. Dillard ever push or force himself anywhere on the exterior of the building.

1

(2) Dillard also differs in the government's assertion on page 13 at the opening line wherein the government asserts that "Dillard then used a metal tool and smashed one of the windows in the Rotunda Door." Mr. Dillard admits that he was handed a metal tool by an unknown individual who had cracked the window. Mr. Dillard was asked to strike it, and did in fact strike it, but the window was never smashed out of the Rotunda Door. It was cracked but never broken through. Mr. Dillard struck it a few times and realized it was going to be impossible to break and did not want to continue hitting it. He then returned the tool to the person who handed it to him and never struck anything else.

(3) Mr. Dillard has entered a guilty plea to assault on Capitol Police Officer (B.A.) while obstructing or impeding him. The defendant asserts that, while he did grab officer B.A. from behind and pull him backwards, it was done to allow those outside to enter the Capitol and get out of the chemical fumes from which they were suffering outside the door. Mr. Dillard had no intention of harming Officer B.A. As Mr. Dillard pulled Officer B.A. away from the door, Officer B.A. did in fact fall to the floor. Later, Officer B.A. recounted that he suffered some haziness at this point for a few seconds. Mr. Dillard, along with two unidentified individuals, offered to help Officer B.A. to his feet, but B.A. refused. A few seconds

later, a second Capitol Officer helped Officer B.A. up and a few minutes thereafter B.A. declined medical treatment and continued to perform his duties.

(4) Mr. Dillard differs with the government's assertion on page 17 of their Sentencing Memorandum wherein they state that "Dillard repeatedly shoved Officer A.W. away from the doors so more rioters could enter." Mr. Dillard was discussing the situation with Officer A.W. and, while he did point his finger and touch Officer A.W.'s chest, Mr. Dillard never shoved or tried to remove A.W. from the door.  Mr. Dillard simply told A.W. that he believed A.W. should allow those outside to enter and then left the area.  Mr. Dillard remained in the Capitol for an additional twenty minutes, or so, before exiting through the same door which he had entered.  He never threatened or tried to assault any others.  He never tried to destroy or break anything while inside the Capitol.

(5) As stated in the defendant's Sentencing Memorandum, beginning with the guidelines which were set forth in the Plea Agreement, of 12 to 18 months, the defendant seeks a variance based on the reasons set forth in the United States Probation Officer's report, as well as the Sentencing Memorandum previously submitted by the defendant, including, but not limited to, his service of five years in the United States Marine Corps, his

aberrant behavior on this occasion as discussed at U.S.S.G. §5K2.20, and the potential guideline reduction based on U.S.S.G. §4C1.1.

The defendant respectfully requests that the Court sentence Mr. Dillard under Zone B which allows for probation, in concert with one or more of the conditions that are set forth at U.S.S.G. 5B1.1(a)(2) which permits the Court to impose those conditions and allow the defendant to be on probation.

## **SENTENCING FACTORS PURSUANT TO 18 USC 3553(a)**

**I.     The Nature and Circumstances of the Offense.**

As stated earlier, Mr. Dillard has been convicted of an assault on a police officer while interfering with his official duties. While there were some other individuals engaged in serious and violent conduct, Mr. Dillard never had any intention of injuring or harming anyone. Mr. Dillard has admitted that he placed his hands on an officer and pulled him away from a door and while doing so, the officer fell to the floor and hit his head. Mr. Dillard accepts the fact that he was wrong in engaging in this conduct. He never intended for anyone to be harmed. Mr. Dillard was unarmed. When Mr. Dillard realized the

officer was on the floor, he reached down to help him up and at the same time, two other unknown individuals tried to help the officer up. The Officer declined and told them to leave him alone and not touch him. The three of them then walked away. A few seconds later, a second Capitol Police Officer helped Officer B.A. off the floor and a few minutes later, Officer B.A. continued with his duties.

This offense does not warrant penitentiary time. Rather, because of his zero point record, Mr. Dillard should be granted a variance based on aberrant behavior on this one day of his life of January 6, 2021, and in concert with incremental punishment, as a basis for a downward variance. Additionally, his service in the United States Marine Corps was exemplary, as is his record of zero criminal history.

II.     **The History and Characteristics of the Defendant.**

As stated above Mr. Dillard was in the United States Marine Corps from 2014 to 2019. He is currently employed in Birmingham, Alabama as a manager. He has zero criminal history points and has never been cited for even a minor traffic offense. Mr. Dillard has only been found guilty of assault on Officer B.A. He has not been

convicted of assaulting any other officers. There has been no showing that his entering the Capitol was an effort to interfere with a peaceful transfer of power. Mr. Dillard loves this country, its constitution, the freedoms which we enjoy, and democracy. He was not attempting to overthrow the government, prevent a peaceful transfer of power, or engage in any form of violence.

Since January 6, 2021, Mr. Dillard has graduated from Samford University, married, and gained full time employment.

## III. The Need for the Sentence Imposed to reflect the Seriousness of the Offense and Promote Respect for the Law.

While others may have had a mindset of attacking democracy, Mr. Dillard did not. Again, he loves this country, and he had no intention of harming anyone or overthrowing the government. He remained unarmed throughout the time that he was at the Capitol on this date. He respects the law as evidenced by his past history. He does not support chaos.

**IV.    The Need for the Sentence for Adequate Deterrence.**

Mr. Dillard regrets his presence in the Capitol and wishes that he could undo that.  However, he has neither caused nor committed any criminal acts since January 6, 2021, and he has no intention of violating the law in the future.  Therefore, there is no fear of him committing any violations of the law in the future.

**V.    Sentencing Disparities.**

Mr. Dillard was one individual out of hundreds who was present in Washington D.C. on January 6, 2021. He did not plan or scheme with others about his actions on this day.  He has accepted responsibility for his act.  Mr. Dillard's case is unique to him and the Court should consider the factors as they relate to him and as distinguished from all the other defendants in these matters.

**CONCLUSION**

Therefore, the sentence to be imposed in this case must be sufficient, but not greater than necessary to comply with the factors that have been delineated hereinabove.  A sentence pursuant to Zone B at Offense Level 11 and a Criminal History Category of I (with zero criminal history points) would allow the Court to

impose a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c) (3) of §5C1.1. The defendant respectfully requests that his sentence be handed down pursuant to U.S.S.G §5B1.1 as the Court deems appropriate.

                       Respectfully Submitted,

                       /S/ RANDY A. DEMPSEY
                       RANDY A. DEMPSEY
                       Attorney for defendant, Kaleb Dillard

**OF COUNSEL**:
DEMPSEY, STEED, STEWART, RITCHEY & GACHÉ, LLP
Attorneys at Law
Civic Center Professional Building
1122 - 22nd Street North
Birmingham, AL 35234-2725
Telephone: (205) 328-0162

## CERTIFICATE OF SERVICE

     I hereby certify that on the 9th day of November 2023, I electronically filed the foregoing with the clerk of the court which will send notification of such filing to all parties of record.

                       /S/ RANDY A. DEMPSEY
                       RANDY A. DEMPSEY
                       Attorney at Law